IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

SAHARA MOHAMED HUSSEIN, also
known as Sahra Mohamed Husen,

                  Petitioner,                OPINION AND ORDER

    v.

                                                             25-cv-1075-wmc

TYLER EDWARDS, Jail Administrator,
Douglas County, Superior WI,
DAVID EASTERWOOD, Director, St. Paul
Field Office, U.S. Immigration and Customs Enforcement,
KRISTI NOEM, Secretary of the
Department of Homeland Security,
PAMELA BONDI, Attorney General of the United States,
DAREN K. M,ARGOLIN, Acting Director,
Executive Office for Immigration Review,

                  Respondents.
───────────────────────────────────────────────

Petitioner Sahara Mohamed Hussein ("Hussein"), also known as Sahra Mohamed Husen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 while in the custody of United States Immigration and Customs Enforcement ("ICE") at the Douglas County Jail in Superior, Wisconsin. Hussein asserts that she is being unlawfully detained by the respondents in removal proceedings without a bond hearing. (Dkt. #1.) She seeks a court order requiring respondents to set bond and release her immediately. (*Id*. at 16.) The federal officials who are reportedly responsible for her detention (collectively, "respondents") have filed an answer. (Dkts. #9.) For the reasons set forth below, the petition will be granted and respondents will be ordered to grant Hussein a bond hearing.

BACKGROUND[1]

This case is one of hundreds filed by noncitizens across the United States swept up by ICE as part of increased efforts by the current administration to enforce immigration laws and detain those individuals without bond pending expedited removal proceedings. Petitioner is a native and citizen of Somalia, who entered the United States near the San Ysidro, California, port of entry on or about June 29, 2022, without inspection by an immigration officer. (Dkt. #6-2.) She was detained initially upon entry and DHS issued her a Notice to Appear the following day, alleging that she was subject to removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen who is "present" in the United States "without being admitted or paroled[.]" (*Id*.6) The following day, petitioner was arrested and placed in removal proceedings. (Dkt #6-3.)

However, on July 1, 2022, petitioner was released on her own recognizance in accordance with § 236 of the INA, codified at 8 U.S.C. § 1226, subject to a variety of conditions, including that she surrender for removal from the United States if so ordered. (*Id*.) In October 2022, petitioner filed an application for asylum, which is currently pending before an immigration court in Fort Snelling, Minnesota. Nevertheless, she was returned to ICE custody following her arrest by ICE agents on December 3, 2025, and

---

[1] Unless otherwise indicated, the facts set forth in this section are taken from the petition and exhibits provided by the petitioner. Because respondents have not disputed any of the material facts or evidence offered by petitioner, but rely solely on legal arguments, the court accepts these facts as true for purposes of this opinion.

absent intervention by the courts, she is to remain so while her removal proceedings remain pending.

As a result, petitioner has been detained without bond under 8 U.S.C. § 1225(b) pending her removal, while petitioner contends that her detention proceedings are now governed by 8 U.S.C. § 1226(a), which authorizes discretionary detention and a bond hearing before an immigration judge, and that she has been denied an opportunity to request a bond. In response, the government again contends that she is more appropriately treated as an "applicant for admission" subject to mandatory detention and not eligible for a bond under § 1225(b)(2). (Dkt. #9, at 3.)

OPINION

Petitioner principally argues that she has been denied an opportunity to request bond during the pendency of her removal proceedings in violation of the INA and the Fifth Amendment Due Process Clause.[2] A district court may grant a writ of habeas corpus if the petitioner shows that she is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Habeas proceedings under § 2241 are an appropriate

---

[2] Petitioner also argues that respondents have wrongfully denied her a bond hearing despite her membership in a certified class action in which another district court already granted class-wide relief. (Dkt. #1, ¶ 2.) Specifically, petitioner points to *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), in which the Central District of California granted declaratory relief to a class of noncitizens, holding that because petitioners were detained under § 1226(a), they may not be denied a bond hearing under § 1225(b)(2). For reasons articulated by the respondents, the court is not persuaded that *Maldonado Bautista* is binding. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation and internal quotation marks omitted). In any event, it is unnecessary to address this argument further, as the court agrees that petitioner is entitled to a bond hearing for other reasons set forth below.

3

mechanism for immigrants in removal proceedings to challenge their ongoing detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

As an initial matter, the proper respondent is generally the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Here, petitioner named Tyler Edwards, the Douglas County jail administrator, as well as four federal officials responsible for immigration enforcement. Edwards filed a response noting that he was not properly served, and although he was petitioner's immediate custodian at the time her petition was filed, legal authority over her custody rests with the federal government officials. (Dkt.#11.) Petitioner's counsel now advises that petitioner is no longer in custody at the Douglas County Jail and has been transferred to a facility in El Paso, Texas.[3] (Dkt. #13.) Regardless, as the federal respondents appear to concede that they have authority to grant the relief sought, the case will proceed against the federal respondents only. *See Paredes Padilla v. Galovich*, No. 25-cv-863-jdp, 2025 WL 3251446, at *2 (W.D. Wis. Nov. 21, 2025).

Turning to the merits, petitioner's request for relief turns on the application of two provisions in the INA that govern the detention of non-citizens during the pendency of removal proceedings: 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). By its title, § 1225 addresses "[i]nspection by immigration officers" and "expedited removal of inadmissible *arriving*

---

[3] Venue for a petition under 2241 is proper in the district where the petitioner's custodian is located. 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004). A court retains jurisdiction, however, if the petitioner is later transferred to a facility in another district. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

aliens."[4]  8 U.S.C. § 1225 (emphasis added).  Section 1225 states that "[a]ll aliens . . . who are *applicants for admission* or *otherwise seeking admission* or readmission to or transit through the United States shall be inspected by immigration officers."  8 U.S.C. § 1225(a)(3) (emphasis added).  In the immigration context, the terms "admitted" and "admission" are defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).

Section 1225 further divides "arriving" aliens who are "seeking admission" into two separate categories:  those subject to expedited removal under § 1225(b)(1); and those who are placed in formal removal proceedings before an immigration judge under § 1225(b)(2).  Under § 1225(b)(1), if an immigration officer determines during the inspection process that an alien is inadmissible for having engaged in fraud or misrepresentation under § 1182(a)(6)(C) or for lack of valid documentation under § 1182(a)(7), the officer "shall" order the alien removed from the United States on an expedited basis "without further hearing or review," unless the alien indicates an intention to apply for asylum or expresses a fear of persecution if removed, 8 U.S.C. § 1225(b)(1)(A)(i).  Under § 1225(b)(2), if the examining immigration officer determines that an alien seeking admission "is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" for formal removal proceedings under § 1229(a).  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  Subject to

---

[4] The immigration statutes refer to noncitizens as "aliens."  An "alien" is defined to mean any person not a citizen or national of the United States.  8 U.S.C. § 1101(a)(3).  Because the terms "noncitizen" and "alien" are equivalent, *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020), both are used interchangeably in this and other opinions.

5

limited exceptions not applicable here,[5] detention under § 1225(b)(2) is considered mandatory because individuals detained under § 1225 are not entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

In contrast, § 1226 addresses "[a]pprehension and detention of aliens" who are *not* in the process of seeking admission to the United States. The Supreme Court has previously held that this provision governs detention of noncitizens who are "*already in the country*." *Jennings*, 583 U.S. at 288-89 (emphasis added). Section 1226(a) applies to any alien who is arrested and detained "[o]n a warrant issued by the Attorney General," entitling a noncitizen to the "usual removal process," including a wider range of due process protections. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Specifically, § 1226(a) provides that the Attorney General or her designee: (1) "may continue to detain the arrested alien"; (2) "may release" the alien on "bond"; or (3) "may release" the alien on "conditional parole." 8 U.S.C. §§ 1226(a)(1)-(2). In this way, § 1226(a) "establishes a discretionary detention framework." *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *1 (D. Mass. July 7, 2025); *see also Jennings*, 583 U.S. at 288 (same).

---

[5] "A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled 'for urgent humanitarian reasons or significant public benefit' pursuant to 8 U.S.C. § 1182(d)(5)(A)." *Gomes v. Hyde*, 25 CV 11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018)). Parole "into the United States" under § 1182(d)(5)(A) permits a noncitizen to physically enter the country, subject to a reservation of rights by the government to treat the noncitizen "as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953)).

More specifically, under this § 1226(a) framework, a noncitizen apprehended and detained by a DHS officer may request a bond hearing before an immigration judge.[6] The details of the bond procedure are set forth at 8 C.F.R. §§ 236.1, 1003.19 and 1236.1. Generally, according to these procedures, DHS officials must make an individualized initial custody determination, after which officials may release the alien if they determine "that such release would not pose a danger to property or persons, and … the alien is likely to appear for any future proceedings." 8 C.F.R. § 236.1(c)(8). Even if DHS officials decide to keep the alien detained, however, the person may request a bond hearing before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. At that time, the alien may be released upon a showing by clear and convincing evidence that he or she is not a danger to the community or a flight risk. 8 C.F.R. §§ 236.1(c)(3), 1236.1(c)(3). Finally, the government bears the burden to prove that continued detention is justified. *Gomes*, 2025 WL 1869299, at *2.

Petitioner, who was released and has resided in the United States since 2022 and has no criminal record, claims that § 1226(a) applies to her. An overwhelming majority of

---

[6] Even so, detention remains mandatory under § 1226(c) for any noncitizen who has been convicted of an "aggravated felony," which is defined in 8 U.S.C. § 1101(a)(43) to include a laundry list of specified offenses and any "crime of violence" punishable by imprisonment for at least one year. The Laken Riley Act, enacted by Congress in January 2025, expanded the mandatory detention requirement found in § 1226(c) to a new category of noncitizens, but only where two criteria are met. *See* Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025) (adding 8 U.S.C. § 1226(c)(1)(E)). Under § 1226(c)(1)(E), the Attorney General must also detain a noncitizen if he: (i) is inadmissible because he is present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A), obtained documents or admission through misrepresentation or fraud, *id*. § 1182(a)(6)(C), *or* lacks valid documentation, *id*. § 1182(a)(7); *and* (ii) is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person," *id*. § 1226(c)(1)(E)(i)-(ii).

7

district courts to consider similar claims have sided with petitioners in Hussein's position and held that resident noncitizens arrested away from the border and detained pending removal are governed by § 1226(a), not § 1225(b)(2), entitling them to a bond hearing. *See Barco Mercado v. Francis*, No. 25-cv-6582, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (listing 350 decisions that found for the habeas petitioner on like circumstances). The Seventh Circuit also recently rejected the government's argument that mandatory detention under § 1225(b)(2) applies to noncitizens already in the United States. *Castañon-Nava v. U.S. Dep't of Homeland Security*, 161 F.4th 1048, 1060-63 (7th Cir. 2025) (addressing the issue in the context of enjoining warrantless arrests by ICE agents under a consent decree). This court has reached the same conclusion in the past. *See Quinapanta v. Bondi*, Case No. 25-cv-795-wmc (W.D. Wis.)(dkt. #18) (concluding that immigration officials had unlawfully classified the petitioner in that case as ineligible for bond); *see also Paredes Padilla v. Galovich*, Case No. 25-cv-863-jdp, 2025 WL 3251446, at *6 (W.D. Wis. Nov. 21, 2025) (reaching the same conclusion).[7] Indeed, the respondents concede that this case is "not materially factually distinguishable from *Quinapanta*." (Dkt. #9, at 2 n.2.) For all of the reasons discussed in *Quinapanta*, therefore, the court concludes that petitioner Hussein is being unlawfully held without a bond hearing before an immigration judge, and she is similarly entitled to habeas corpus relief under 28 U.S.C. § 2241.

---

[7] In fairness, there is now some contrary authority, most notably a recent 2-1 decision by a split panel of the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). It appears that no other circuit court has weighed in yet, although respondents note that the Seventh Circuit is considering the issue in another case, *Jaciel Rojas v. Samuel Olson et al.*, No. 25-3127 (7th Cir. docketed Nov. 25, 2025).

ORDER

IT IS ORDERED that:

1) The petition for a writ of habeas corpus filed by Sahara Mohamed Hussein, also known as Sahra Mohamed Husen (dkt. #1) is GRANTED.

2) Within **seven (7) days** of the date of this order, respondents shall afford petitioner a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

3) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 10th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge